UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERIC LYNN KRAZTER, | ) | 1:06-CV-0269 LJO JMD HC |
| | ) | |
| Petitioner, | ) | ORDER REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | |
| Respondent. | ) | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of California Department of Corrections and Rehabilitation pursuant to a judgment of the Fresno County Superior Court. (Pet. at 1; Answer at 1).

A jury convicted Petitioner of petty theft with a prior (Cal. Penal Code § 666).[1] In a separate proceeding, Petitioner admitted three prior prison term enhancements (Cal. Penal Code § 667.5 (b)). On January 5, 2004, the court sentenced Petitioner to an aggregate term of four years and four months as follows: mitigated term of sixteen months on his petty theft with a prior conviction and a 3 one-year prison term enhancements.

Petitioner appealed, in a timely manner, his conviction to the California Court of Appeal. On

---

[1] The facts contained in this paragraph are derived from the California Court of Appeal's unpublished opinion issued on September 30, 2004. (Lodged Doc. 3). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a determination of fact by the state court is presumed to be correct unless Petitioner rebuts that presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004). Petitioner does not challenge the state court's findings of fact with respect to the underlying events.

1 September 30, 2004, the appellate court affirmed the trial court's judgment. (Pet. at 2; Answer at 2).

2 Petitioner then filed for writ of habeas corpus with the Fresno County Superior Court. On October 4, 2005, the Fresno County Superior Court issued an order denying the petition. (Answer at 2.)

Petitioner timely appealed this denial to the Fifth Appellate District of the California Court of Appeal. (Id.) The appellate court denied review without comment on December 2, 2005. (Id.)

Subsequently, Petitioner filed an application for writ of habeas corpus with the California Supreme Court. (Pet. at 2; Answer at 2). The California Supreme Court denied the petition without comment on February 22, 2006. (Pet. at 2; Answer at 2.)

On March 10, 2006, Petitioner filed the instant petition in this Court, asserting only one ground for relief. Petitioner asserts that his Sixth Amendment right to counsel was violated by ineffective assistance rendered by trial counsel–citing as error trial counsel's refusal to argue that exculpatory evidence had been destroyed by police.

On March 23, 2006, Petitioner consented to the jurisdiction of the United States Magistrate Judge. On April 19, 2007, Respondent consented to the jurisdiction of the United States Magistrate Judge.

On May 23, 2007, Respondent filed an answer to the petition.

On August 29, 2008, the instant action was reassigned to the undersigned.

## DISCUSSION

### I.   Jurisdiction

A person in custody pursuant to the judgment of a state court may petition a district court for relief by way of a writ of habeas corpus if the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Furthermore, the challenged conviction arises out of the Fresno County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d). Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

1 1996 ("AEDPA"), which applies to all petitions for a writ of habeas corpus filed after the statute's
2 enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114
3 F.3d 1484, 1499 (9th Cir. 1997), *cert*. *denied*, 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting
4 Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), *cert*. *denied*, 520 U.S. 1107, 117 S.Ct. 1114
5 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997)
6 (holding AEDPA only applicable to cases filed after statute's enactment)).  The instant petition was
7 filed on September 11, 2006 and is consequently governed by the provisions of the AEDPA, which
8 became effective April 24, 1996.  Lockyer v. Andrade, 538 U.S. 63, 70 (2003).

## II.     Standard of Review

This Court may entertain a petition for a writ of habeas corpus by "a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Under AEDPA, a court will not grant an application for a writ of habeas corpus unless the state court's adjudication of the claim either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see Lockyer, 538 U.S. at 70-71; see Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71 (quoting 28 U.S.C. § 2254(d)(1)).  In ascertaining what constitutes "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Id. (quoting Williams, 529 U.S. at 413).

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 71 (quoting 28 U.S.C. § 2254(d)(1)). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of

1  materially indistinguishable facts." Williams, 529 U.S. at 413.  "Under the 'reasonable application
2  clause,' a federal habeas court may grant the writ if the state court identifies the correct governing
3  legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the
4  prisoner's case." Id.  "[A] federal court may not issue the writ simply because the court concludes in
5  its independent judgment that the relevant state court decision applied clearly established federal law
6  erroneously or incorrectly.  Rather, that application must also be unreasonable." Id. at 411.  A
7  federal habeas court making the "unreasonable application" inquiry should ask whether the state
8  court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

9       Petitioner has the burden of establishing that the decision of the state court is contrary to or
10 involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle,
11 94 F.3d 1321, 1325 (9th Cir. 1996).  Although only Supreme Court law is binding on the states,
12 Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court's
13 decision is objectively unreasonable. See Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.
14 1999).

15      AEDPA requires that the Court give considerable deference to state court decisions.
16 Pursuant to 28 U.S.C. § 2254(e)(1), a state court's factual determinations are presumed correct.
17 Additionally, this court is bound by a state court's interpretation of its own laws. Souch v. Schaivo,
18 289 F.3d 616, 621 (9th Cir. 2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537 U.S.
19 1149 (2003).

20 **III.    Review of Petitioner's Claims**

21      Petitioner asserts that his Sixth Amendment right to counsel was violated by the ineffective
22 assistance rendered by his trial counsel.  More specifically, Petitioner faults trial counsel's refusal to
23 argue that the police officers destroyed exculpatory evidence.  Petitioner presented this issue, in a
24 writ of habeas corpus, to the Fresno County Superior Court. (Lodged Doc. 3).  In a reasoned
25 decision issued on October 4, 2005, the Superior Court denied Petitioner's claim. (Lodged Doc. 4).
26 Petitioner subsequently filed for review of the same issue before the California Supreme Court.
27 (Lodged Doc. 7).  The California Supreme Court summarily denied the petition. (Lodged Doc. 8).
28 The California Supreme Court, by its "silent order" denying the petition, is presumed to have denied

the claims presented for the same reasons stated in the opinion of the lower court. <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803 (1991). As Respondent admits, Petitioner has exhausted the state remedies available to him for the grounds upon which Petitioner now bases his federal petition for habeas corpus. (Answer at 2).

For the purposes of habeas cases governed by 28 U.S.C. § 2254 (d), the law governing ineffective assistance of counsel claims is clearly established. <u>Canales v. Roe</u>, 151 F.3d 1226, 1229 (9th Cir. 1998). A petition for writ of habeas corpus, resting upon an allegation of ineffective assistance of counsel, requires that the Petitioner establish two elements–(1) counsel's performance was deficient and (2) Petitioner was prejudiced by the deficiency. <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); <u>United States v. Olson</u>, 925 F.2d 1170, 1173 (9th Cir. 1991); <u>Lowry v. Lewis</u>, 21 F.3d 344, 346 (9th Cir. 1994).

Under the first element, Petitioner must show that counsel's errors were so serious that he or she effectively failed to function as the "counsel" guaranteed under the Sixth Amendment. <u>Strickland</u>, 466 U.S. at 687. Petitioner must establish that counsel's representation fell below an objective standard of reasonableness, specifically identifying alleged acts or omissions which did not fall within reasonable professional judgment considering the circumstances. <u>Id</u>. at 688; <u>United States v. Quintero-Barraza</u>, 78 F.3d 1344, 1348 (9th Cir. 1995). Judicial scrutiny of counsel's performance is highly deferential. There exists a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 687; <u>Sanders v. Ratelle</u>, 21 F.3d 1446, 1456 (9th Cir. 1994). Consequently, to prevail on the first prong, Petitioner must prove that counsel's performance was unreasonable under prevailing professional norms.

Secondly, Petitioner must show that counsel's errors were so egregious that Petitioner was deprived of the right to a fair trial, a trial whose result is reliable. <u>Strickland</u>, 466 U.S. at 687. The court must evaluate whether the entire trial was fundamentally unfair or unreliable as a result of counsel's deficient performance. <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 369, 113 S.Ct. 838 (1993); <u>Quintero-Barraza</u>, 78 F.3 at 1345; <u>United States v. Palomba</u>, 31 F.3d 1456, 1461 (9th Cir. 1994). More specifically, to prevail on the second element, Petitioner bears the burden of establishing that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the

1  proceeding would have been different.  A reasonable probability is a probability sufficient to
2  undermine confidence in the outcome." Quintero-Barraza, 78 F.3d at 1348 (quoting Strickland, 466
3  U.S. at 694).

4      A court need not determine whether counsel's performance was deficient before examining
5  the prejudice suffered by the Petitioner as a result of the alleged deficiencies.  Strickland, 466 U.S. at
6  697.  Since prejudice is a prerequisite to a successful claim of ineffective assistance of counsel, any
7  deficiency that was not sufficiently prejudicial to Petitioner's case is fatal to an ineffective assistance
8  of counsel claim.

9      Generally, ineffective assistance of  counsel claims are analyzed under the "unreasonable
10 application" prong of 28 U.S.C. § 2254(d) recognized in Williams v. Taylor 529 U.S. 362 (2000).
11 Weighall v. Middle, 215 F.3d 1058, 1061-1062 (9th Cir. 2000).  Acknowledging that Petitioner must
12 establish that the state court's decision was an unreasonable application of clearly established federal
13 law, the Court now examines whether Petitioner has met his burden.

14     Petitioner contends that his trial counsel was deficient because she refused to argue that the
15 police had destroyed exculpatory evidence by returning the exculpatory evidence to their alleged
16 owners.  In rejecting Petitioner's habeas corpus petition, the Fresno County Superior Court found
17 that the existing evidence did not justify the requested relief.   (Lodged Doc. 4).

18     On June 24, 2003, Dennis Bridges observed Petitioner dealing with pallets at the Orchard
19 Supply Hardware facility.  (RT at 69).  Bridge was an off duty police lieutenant.  (Id. at 68).  Lt.
20 Bridges witnessed Petitioner take pallets from Orchard's and set it in the back of a truck.  (Id. at 70).
21 Lt. Bridges then followed the truck for a quarter mile to a service station.  (Id. at 75).  At the gas
22 station, Lt. Bridged and an officer from a marked patrol car approached the Petitioner.  (Id. at 75).

23     A short time later, Officer Art Rodriguez arrived at the scene and Lt. Bridges explained to
24 Officer Rodriguez what he had witnessed.  (Id. at 76.)  Officer Rodriguez testified that he
25 interviewed Petitioner, informing him of the allegation that he had taken the pallets from Orchard's.
26 (Id. at 92).  According to Officer Rodriguez's testimony, Petitioner admitted that he took the pallets
27 but at first maintained that he had mistakenly believed they were discarded pallets.  (Id.)  Officer
28 Rodriguez testified that Petitioner subsequently recanted his statement and confessed to taking the

1  pallets, promising to never do so again. (Id.). Officer Rodriguez further testified that Petitioner
2  indicated that he had noticed the stenciling on the pallets that marked them as belong to Orchards.
3  (Id. at 91-92).

4  At trial, William Steingraber, a manager at Orchard Supply Hardware, testified that Orchard
5  Supply Hardware personnel were called by the police to the scene of where Petitioner had been
6  apprehended. (Id. at 120.) Mr. Steingraber further testified that he went to the service station,
7  identified the pallets as belonging to Orchard's, and then returned them to Orchard Supply Hardware.
8  (Id.).

9  Petitioner argues that trial counsel failed to allege that police destroyed exculpatory evidence
10 by giving the pallets back to Orchard Supply Hardware. (Pet. at 5). Petitioner's claim though is
11 without merit as the trial record reveals that numerous witnesses (Officer Rodriguez, Mr.
12 Steingraber, and Lt. Bridges) testified that the pallets were returned to Orchard Hardware Supply.
13 (RT at 84, 104-105, 120). Additionally, Petitioner's trial counsel did raise the issue in her
14 questioning of Lt. Bridges. (Id. at 84.) Specifically, she asked Lt. Bridges if the police has taken
15 any photographs, inquiring that "there is no documentation as to what they looked like before they
16 were returned?" (Id.). Though trial counsel never argued that the police destroyed exculpatory
17 evidence, trial counsel did not fail to raise the issue that the pallets had been given back to Orchard
18 Supply Hardware and were therefore unavailable as evidence at trial.

19 Conceivably then, Petitioner's allegation of ineffective assistance of counsel stems from trial
20 counsel's alleged failure to argue that the pallets were exculpatory in nature. As Petitioner has not
21 expanded on counsel's failure to argue the exculpatory value of the pallets, the Court can only
22 speculate as to the specific arguments Petitioner faults trial counsel for not putting forth. The Court
23 presumes that trial counsel may have argued that the pallets would have been exculpatory in nature
24 as they lacked the Orchard Supply Hardware/Orchard identifying stenciling, which would have leant
25 some support to Petitioner's defense that he was under the mistaken assumption the pallets were
26 discarded and therefore free for the taking.

27 Petitioner's claim is without merit as a review of the trial record reveals that Petitioner's
28 counsel did question prosecution witnesses about the exculpatory value of the pallets–specifically

their lack of an identifying mark. Petitioner's trial counsel questioned both Mr. Steingraber and Officer Rodriguez about the possible exculpatory nature of the pallets. She elicited from Mr. Steingraber the fact that some pallets sold by Orchard's bore either no identifying marks or bore the identifying marks of other companies. (Id. at 133). Furthermore, trial counsel questioned Officer Rodriguez about inconsistencies in his testimony regarding the identifying marks on the pallets. She questioned the officer at length about the discrepancy between his previous testimony that the stenciling mark said Orchard's as opposed to his trial testimony that the marks said OSH. (Id. at 96-98). Trial counsel further elicited testimony from Officer Rodriguez that his police report failed to include the officer seeing stenciling on the pallets. (Id. at 110). Thus, trial counsel did elicit testimony that the pallets might have exculpatory value since they may not have been identifiable as Orchard's. Consequently, Petitioner's allegation that trial counsel's performance was deficient is unfounded as trial counsel raised the issues that Petitioner faults counsel for not raising.

     Setting aside the question of whether trial counsel's performance was deficient, the Court finds that Petitioner has not met his burden of proving that the alleged error was prejudicial to Petitioner's case. Petitioner has not submitted any facts or arguments about the prejudicial effect of trial counsel's alleged failure to argue that exculpatory evidence was destroyed by police. Petitioner's application for relief merely contains the allegation that the pallets were given back to Orchard's and therefore Petitioner was unable to present them as exculpatory evidence. (Pet. at 5). Petitioner alleges in a conclusory fashion that the pallets were exculpatory evidence, and that trial counsel's failure to argue that they were destroyed by the police was error, without citing any factual circumstances in the record to support either conclusion. Conclusory allegations do not warrant habeas relief. See Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir.1995) (holding that conclusory allegations made with no reference to the record or any document do not merit habeas relief).

     Furthermore, it is clear that trial counsel's failure to argue that the police destroyed exculpatory evidence would have been a tactical decision. A tactical decision by trial counsel, with which Petitioner disagrees, cannot form the basis of a claim for ineffective assistance of counsel. See Strickland, 466 U.S. at 690; Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir. 1984)(per curiam). As the record reflects, trial counsel's decision not to argue that exculpatory evidence had been

destroyed by the police was reasonable as such a contention would have been unsupported by the evidence and contradicted by the testimony of several credible witnesses. At trial, two witnesses (Officer Rodriguez and Mr. Steingraber) testified that at least some of the pallets in Petitioner's possession bore the identifying mark of Orchard's/OSH. Another witness testified to seeing Petitioner taking the pallets from Orchard's. More importantly, though, one witness testified to Petitioner confessing that he took the pallets from Orchard's and that he would never do so again. Considering the guilty verdict returned against Petitioner, the jury found the testimony of these witnesses credible. In light of such evidence, there is simply no basis for the conclusion that Petitioner would have received a more favorable result had counsel put forth the argument that Petitioner alleges counsel failed to argue. Thus, the Court cannot say that there exists a reasonable probability that, but for defense counsel refusal to allege that the pallets were destroyed by the police and were exculpatory evidence, the result in defendant's case would have different.

Consequently, Petitioner has not met his burden of establishing that counsel's performance was deficient and that the Petitioner's case was prejudiced as a result of the deficient performance. For the foregoing reasons, the Court finds the state court's decision was not an unreasonable application of clearly established Federal law.

### IV.     Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DENIED with prejudice;

2. The Clerk of Court is DIRECTED to enter judgment; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:    September 3, 2008          /s/ John M. Dixon**
                                       UNITED STATES MAGISTRATE JUDGE